Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security,San Francisco, CA, Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

**Baljinder Singh KANDOLA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74456.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Baljinder Singh Kandola, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *See Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Substantial evidence supports the IJ's decision. Kandola's testimony was implausible, and vague regarding the significant period of time he was in hiding. His testimony was also internally inconsistent regarding when he was physically mistreated, and, along with his declaration, omitted several key details including whether he lost consciousness, and whether and how frequently he was stopped and searched by police. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151–53 (9th Cir.1999); *Malhi,* 336 F.3d at 993. Moreover, Kandola failed to produce any evidence that he was a member of the All India Sikh Student Federation or that he received medical treatment. *See id.; Sidhu v. INS,* 220 F.3d 1085, 1091–92 (9th Cir.2000).

Because Kandola failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

We decline to address Kandola's claim for relief under the Convention Against Torture because he did not exhaust administrative remedies, and the claim was not properly argued in his brief. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir. 2004); *Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**